IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Susan J. Oman, | ) | |
| | ) | C/A No. 0:15-2052-MBS-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

## I.     PROCEDURAL HISTORY

Plaintiff Susan J. Oman protectively filed an application for Disability Insurance Benefits ("DIB") on May 1, 2012, alleging disability since January 23, 2012. Tr. 12. Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on November 13, 2013. Tr. 26. The ALJ issued a decision dated January 2, 2014, in which he concluded that Plaintiff was not "disabled" as defined in the Social Security Act. Tr. 25. Accordingly, the ALJ determined that Plaintiff was not entitled to disability insurance benefits under Sections 216(i) and 223(d) of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 26, 2015. Tr. 1-3. Thus, the decision of the ALJ became the "final decision" of the Commissioner

for the purposes of judicial review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. On June 20, 2016, the Magistrate Judge filed a Report and Recommendation in which she recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 27. Plaintiff filed objections to the Report and Recommendation on July 19, 2016. ECF No. 31. The Commissioner filed a response to Plaintiff's objections on August 5, 2016. ECF No. 34.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II.    STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial

evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.    DISCUSSION

Plaintiff was forty-three years old when her disability is alleged to have begun. Tr. 19. She completed high school and has some college education. Tr. 239. Plaintiff has previously worked as a certified ophthalmic assistant. She claims disability beginning January 23, 2012, alleging vasculitis; inflammatory arthritis; neuropathy; severe pain, numbness, and tingling in feet, legs, and hands; diabetes; depression; anxiety; chronic Achilles tendon tears in both ankles; chronic peritendinitis in her feet; retricalcaneal bursitis in both feet; short term memory problems; and cognitive problems. Tr. 238. Plaintiff asserts specific objections to the Report and Recommendation. The court will review each of these objections in turn.

**A.    Opinions of treating physician, Dr. Niemer**

Plaintiff's first objection is to the Magistrate Judge finding no error in the ALJ rejecting some of the opinions of Dr. Gregory Niemer. ECF No. 31 at 1. According to Plaintiff, Dr. Niemer's opinions supported a finding of disability, especially as it related to Plaintiff's rheumatoid arthritis and retinal vasculitis. *Id.* However, in his decision, the ALJ stated that he had "accorded little weight to Dr. Niemer's opinions as they are not supported by the weight of the evidence of the record and inconsistent with his own treatment notes." Tr. 18. Plaintiff argues that on the contrary, there is evidence that "would corroborate Dr. Niemer's opinions." ECF No. 31 at 2. Specifically, Plaintiff points to records from Elms Digestive, Tidewater Neurology, and South Carolina Sleep Medicine. *Id.*

While the court agrees that there is evidence in the record to support parts of Dr. Niemer's opinions (Tr. 335, 1044, 1075, 1093), however, this is not the relevant inquiry for the court to consider. Instead, the inquiry is whether the ALJ relied on substantial evidence in support of his findings. *See* 42 U.S.C. § 405(g). If a treating physician's opinion is "inconsistent with other substantial evidence," an ALJ may accord that opinion less weight. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (internal quotations omitted). The ALJ found substantial evidence to be in conflict with the opinion of Dr. Niemer:  First, the ALJ considered the opinions of the non-examining physicians employed by the State Disability Determination Services and found them to be in conflict with the opinions of Dr. Niemer. Tr. 18. Second, the ALJ relied on several physical examinations of Plaintiff, conducted by doctors at SC Sports Medicine, Low Country Rheumatology, and Lowcountry Internal Medicine (Tr. 17-18); the results of these physical examinations were also in conflict with the opinions of Dr. Niemer. In the face of conflicting evidence, it is not the role of

the court to supplant its opinion for that of that of the ALJ's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). The court finds that the ALJ relied on substantial evidence in arriving at his decision to afford less weight to Dr. Niemer's opinions. Therefore, Plaintiff's objection is without merit.

**B.     Opinions of state agency physicians, Dr. Lang and Dr. Neboschick**

Plaintiff's second objection is related to her first: the Magistrate Judge erred in allowing the ALJ to rely on the opinions Dr. Mary Lang and Dr. Michael Neboschick rather than the opinion of his treating physician. ECF No. 31 at 3. Dr. Lang and Dr. Neboschick are physicians employed by the State Disability Determination Services, and they submitted a report on July 7, 2012, with a determination that Plaintiff was "not disabled." Tr. 58-72. Plaintiff argues that this 2012 report should not be afforded greater weight than the more contemporaneous opinions of Dr. Niemer. ECF No. 31 at 3. Additionally, Plaintiff argues that the 2012 report failed to include records from Plaintiff's 2013 examinations at Tidewater Neurology and Elms Digestive Disease Specialists. *Id.*

While it is true that the 2012 report completed by Dr. Lang and Dr. Neboschick did not include opinions and records collected in 2013, it is not the role of the court to decide on which evidence an ALJ should rely, regardless of when that evidence was collected. *See Hays*, 907 at 1456. As discussed above, the relevant inquiry is whether the ALJ relied on substantial evidence. Given that the ALJ considered several reports and opinions, not just those of Dr. Lang and Dr. Neboschick, the court finds that the ALJ's opinion was supported by substantial evidence in the case record. Plaintiff's objection is without merit.

## C.     Hypothetical questions posed during hearing

Plaintiff's final objection is to the Magistrate Judge finding no error in the ALJ asking hypothetical questions of the vocational expert during Plaintiff's November 13, 2013 hearing. ECF No. 31 at 3. Plaintiff argues that the hypothetical questions posed by the ALJ did not accurately reflect all of Plaintiff's medical conditions and limitations. *Id.* In her argument, Plaintiff relies on *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989), in which the Fourth Circuit held that: (1) a vocational expert's opinion must be based upon a consideration of all the evidence in the record in order to be helpful, and (2) a proper hypothetical question must fairly set out all of a claimant's impairments. Even if the court were to find the hypothetical questions to be improper under the second prong of *Walker*, Plaintiff offers no evidence to suggest that the vocational expert did not consider the all the evidence in the record. Moreover, even if the court were to completely discount the opinion of the vocational expert, there still remains substantial evidence in support of the ALJ's ultimate determination, as discussed in both preceding sections. Plaintiff's objection is without merit.

## IV.   CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

**IT IS SO ORDERED**.

 s/ Margaret B. Seymour
MARGARET B. SEYMOUR
Senior United States District Judge

August 22, 2016
Columbia, South Carolina